UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JOSE M. LUGO-GONZALEZ,           )
                                 )
            Plaintiff            )
                                 )
        v.                       )   CAUSE NO: 2:09-cv-338
                                 )
MICHAEL J. ASTRUE, Commissioner )
of Social Security,              )
                                 )
            Defendant            )

OPINION AND ORDER

This matter is before the court on the Motion for Attorney's
Fees Under the Equal Access to Justice Act [DE 26] filed by the
plaintiff, Jose M. Lugo-Gonzalez, on June 8, 2011.  For the
following reasons, the motion is **GRANTED.**

Background

On December 1, 2005, the plaintiff, Jose M. Lugo-Gonzalez,
filed an application for Supplemental Security Income (SSI),
alleging a disability since March 15, 2005.  His application was
denied initially and also upon reconsideration.  Following a
hearing, Administrative Law Judge Shirley Moscow Michaelson
("ALJ") issued a decision on April 19, 2007, finding Lugo-Gonza-
lez not disabled.  Lugo-Gonzalez requested review of the decision
and on August 12, 2009, the Appeals Council denied the request.

On October 14, 2009, Lugo-Gonzalez filed a complaint with
this court, seeking review of the Commissioner's final decision.

On February 19, 2010, Lugo-Gonzalez filed an opening brief, submitting the following six arguments in favor of reversal or remand: (1) the ALJ erred in failing to consider whether Lugo-Gonzalez's physical impairments met or equaled Listing 1.04; (2) the ALJ failed to analyze properly Lugo-Gonzalez's credibility pursuant to SSR 96-7p; (3) the ALJ failed to analyze properly Lugo-Gonzalez's obesity when determining his RFC; (4) the ALJ erred in determining that Lugo-Gonzalez needed to sit for five minutes every three hours because it was inconsistent with both his testimony and that of the medical expert and the medical evidence of record; (5) the ALJ erred in failing to incorporate all of the RFC limitations into the hypotheticals she posed to the vocational expert; and (6) the ALJ misstated the number of positions available for someone with Lugo-Gonzalez's limitations.

On March 11, 2011, this court issued an Opinion and Order and reversed and remanded the Commissioner's decision for further proceedings on the sole issue of whether Lugo-Gonzalez's physical impairments satisfied Listing 1.04. The court explained that it was unclear from the ALJ's decision whether she considered Listing 1.04, disorders of the spine. The ALJ's decision did not cite, discuss, or reference Listing 1.04 despite medical evidence of record showing that Lugo-Gonzalez may have had some of the disorders contemplated by the Listing. The Commissioner defended

his position by responding that the ALJ's determination was supported by the Disability Determination and Transmittal Forms completed by the state reviewing physicians, which stated that Lugo-Gonzalez did not meet a Listing.  The court explained that the ALJ's reliance on the Disability Determination and Transmittal forms was not conclusive proof that Lugo-Gonzalez did not meet a Listing because there was contradictory evidence of record, and the ALJ was required minimally to articulate her reasons for finding against this evidence.

On June 8, 2011, Lugo-Gonzalez's counsel filed the instant motion for attorney's fees, arguing that the Commissioner's decision was not substantially justified.  The Commissioner filed his response on June 15, 2011, opposing Lugo-Gonzalez's motion and arguing that the Commissioner's decision was substantially justified, and alternatively, that the hourly rate requested was not reasonable.

## Discussion

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. §2412(d)(1)(A).  *See also* **Commissioner, I.N.S. v. Jean**, 496 U.S. 154, 110 S.Ct. 2316,

110 L.Ed.2d 134 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004).  A fee application must be filed within 30 days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the United States was not substantially justified."  28 U.S.C. §2412(d)(1)(B).  *See also Scarborough v. Principi*, 541 U.S. 401, 405, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of §§2412(d)(1)(A) & (B)).

The court entered the order remanding Lugo-Gonzalez's claim to the ALJ on March 11, 2011.  The plaintiff did not file his motion for attorney's fees until June 8, 2011, 58 days after the court entered the order reversing the decision of the ALJ.  However, the 30 day time limit on filing a motion for attorney's fees does not begin to run until the time to appeal expired — 60 days following the entry of the court's order.  *Huichan v. Barnhart*, 2006 WL 6087660, *1 (W.D. Wis. Oct. 10, 2006); Federal Rule

4

of Appellate Procedure 4(a).  Therefore, Lugo-Gonzalez's application for attorney's fees was filed before the 30 day time limit began to run and was timely.

It is also uncontested that Lugo-Gonzalez was the prevailing party.  Therefore, the two issues now remaining before this court are: (A) whether the position of the Commissioner was "substantially justified;" and (B) whether the fees requested by Lugo-Gonzalez's attorney are reasonable.

Considering whether the Commissioner was substantially justified, the court is to analyze the "position of the United States," which refers to the conduct of the Commissioner throughout the civil action, including pre-litigation conduct.  28 U.S.C. §2412(d)(2)(D); *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).  The trial court must consider whether the Commissioner's pre- and post-litigation "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Golembiewski*, 382 F.3d at 724 (*citing Hallmark Constr.*, 200 F.3d at 1080).  A court should evaluate the factual and legal support for the Commissioner's position throughout the entire proceeding. *See Hallmark Constr.*, 200 F.3d at 1080.  A court need only make one determina-

5

tion regarding the Commissioner's conduct during the entire civil action. *Jean*, 496 U.S. at 159, 110 S.Ct. at 2319; *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). "[F]ees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigation position may have been substantially justified and vice versa." *Marcus*, 17 F.3d at 1036. The court must undertake a global analysis of the government's position because whether that position was substantially justified will rarely be decided by a single issue. *See Hallmark Constr.*, 200 F.3d at 1080.

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). *See also Golembiewski*, 382 F.3d at 724. Expanding on this definition, the Seventh Circuit explained, "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (*citing Pierce*, 487 U.S. at 565, 108 S.Ct. at 2550); *Church v. Astrue*, 496 F.Supp.2d 964, 966 (N.D. Ind. 2007) ("[I]f an agency had 'a rational ground for thinking it had a rational

ground for its action,' the Commissioner's position is substantially justified." (*citing **Kolman v. Shalala***, 39 F.3d 173, 177 (7th Cir. 1994)).  When conducting this analysis, the court should consider whether the ALJ's decision was plausibly supported by evidence of record and whether the Commissioner's position was supported by applicable law.  ***Church***, 496 F.Supp.2d at 966 (*citing **Cunningham v. Barnhart***, 440 F.3d 862, 863 (7th Cir. 2006); ***Kolman***, 39 F.3d at 177).  The substantial justification standard is different than the substantial evidence standard, which is used to evaluate the merits of a claimant's request for remand.  Thus, a loss on the merits does not automatically constitute a lack of substantial justification.  *See* ***Pierce***, 487 U.S. at 568-69, 108 S.Ct. at 2552.  The Commissioner bears the burden of proof in showing that the government's litigation position was substantially justified.  *See **Pierce***, 487 U.S. at 565, 108 S.Ct. at 2561; ***Golembiewski***, 382 F.3d at 724.

Lugo-Gonzalez argues that the ALJ's decision violated long-standing precedent because she failed to as much as mention Listing 1.04 and did not articulate any reason for finding that Lugo-Gonzalez did not meet Listing 1.04 despite ample evidence of record suggesting he satisfied the Listing.  Lugo-Gonzalez urges that the ruling in ***Ribaudo v. Barnhart***, 458 F.3d 580, 584 (7th Cir. 2006), which provides that the ALJ may rely solely upon the

opinion of the medical expert given in the disability determina-
tion form in the absence of contradictory evidence, but must
otherwise minimally articulate her reason for holding contrary to
the opposing evidence, was long-standing precedent at the time of
the court's opinion.  The Commissioner contends that the ALJ
relied not only on the state reviewing physician's disability
determination forms, but also on the medical expert's testimony.
The Commissioner argues that the ALJ was justified to rely on the
ME's testimony because the ME analyzed the critical elements of
Listing 1.04, and explained that Lugo-Gonzalez did not demon-
strate radiculopathy, positive straight leg raise testing, or
atrophy, as required by the Listing.  The ME further concluded
that Lugo-Gonzalez could perform a range of light work, further
indicating her opinion that Lugo-Gonzalez did not meet or equal a
Listing.

It is not sufficient that the Commissioner can now find
reasons in the record to support the ALJ's ultimate conclusion.
*Golembiewski*, 382 F.3d at 724 ("We found that the Commissioner's
defense of the ALJ's decision failed because . . . she relied
upon facts not discussed by the ALJ to try and bolster his
credibility determination."). The ALJ had a duty to fully develop
the record and explain her findings in her opinion.  *See Golem-
biewski,* 382 F.3d at 724 (explaining that the court remanded the

ALJ's decision because he did not provide any discussion explaining his credibility finding); ***Barnett v. Barnhart***, 381 F.3d 665, 671 (7th Cir. 2004)(explaining that the ALJ must provide more than a two sentence explanation for why the claimant does not satisfy the Listings and cannot assume that the claimant does not meet a Listing from the absence of testimony by the medical expert about the Listing); ***Brindisi ex rel. Brindisi v. Barnhart***, 315 F.3d 783, 786 (7th Cir. 2003)("As we have recently noted, failure to discuss or even cite a listing, combined with an otherwise perfunctory analysis, may require a remand").

The only reference the ALJ made to the possibility that Lugo-Gonzalez might have met a Listing for his physical impairments was a single sentence stating: "The undersigned finds that the claimant's impairments do not meet or equal any listing based on a comparison of the listings by the State agency, medical expert Dr. Ashok Jilhewar (for physical impairments), medical expert Kravitz (for mental impairment) and the undersigned Administrative Law Judge." (Tr. 28)  The court cannot determine from this statement whether the ALJ even considered Listing 1.04. The ALJ not only failed to cite the Listing, but did not provide any explanation for her conclusion.  A finding that the claimant does not equal a Listing without any explanation is a clear violation of the ALJ's duty to develop the record.  *See*, ***Golem-***

*biewski,* 382 F.3d at 724 (explaining that the ALJ's decision was remanded because he did not provide any discussion about his credibility finding); *Brindisi,* 315 F.3d at 786 (explaining that an ALJ's decision may be remanded for failing to cite a Listing and give a perfunctory analysis explaining why the claimant's condition does not satisfy the standard). *See also Church*, 496 F.Supp.2d at 967 ("[A]lthough the ALJ's reasoning was inadequate in this case, this is not a case where the ALJ gave no reasoning for his opinion.").

Although the Commissioner argues that the ALJ's decision was supported by the disability determination forms completed by the state reviewing physician's and the medical expert's testimony, this explanation was not articulated in the ALJ's decision. *See Golembiewski,* 382 F.3d at 724 (explaining that the Commissioner cannot rely on information that the ALJ did not include in her opinion). Furthermore, the ALJ did not question Dr. Jilhewar about Listing 1.04 during the hearing. Therefore, the ALJ's line of questioning was not developed to such a degree that the court could have inferred that both Dr. Jilhewar and the ALJ considered Listing 1.04. The Commissioner may not fabricate an explanation to support the ALJ's decision that is not discernable from the ALJ's decision. *Golembiewski,* 382 F.3d at 724. Because the ALJ's decision was entirely devoid of any indication that Listing

1.04 was even considered, the Commissioner was not substantially justified in arguing that the ALJ satisfied her burden and adequately developed the record.  For this reason, Lugo-Gonzalez is entitled to an award of attorney's fees.

The Commissioner next disputes the reasonableness of the hourly rate Lugo-Gonzalez's attorney requests.  Lugo-Gonzalez has the burden of proving that the EAJA fees he seeks are reasonable.  See **Hensley v. Eckerhart**, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); 28 U.S.C. §2412(d)(1)(B). "Hours that are not properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority." **Hensley**, 461 U.S. at 434, 103 S.Ct. at 1940-41 (*quoting* **Copeland v. Marshall**, 641 F.2d 880, 891 (D.C. Cir. 1980)).  As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.  *See* **Hensley**, 461 U.S. at 437, 103 S.Ct. at 1939-40.  The amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." **Hensley**, 461 U.S. at 437, 103 S.Ct. at 1941.

The ALJ disputes the hourly rate Lugo-Gonzalez's attorney requests, arguing that it is based on the consumer price index

for all urban consumers rather than on the consumer price index for Midwest Urban consumers. The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. §2412(d)(2)(A)(ii). Because the local consumer price index is the most accurate source of the cost of living in the market where the litigation occurred, the court agrees that the Midwest Urban Consumer Price Index should be used to calculate the rate of attorney's fees. When the Midwest Urban Consumer Price Index is applied, the hourly rate is adjusted to $170.25 per hour. The attorney fee reward is therefore adjusted accordingly, and the Commissioner is **ORDERED** to pay $8,938.13 in attorney's fees.

_____

Based on the foregoing, the Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 26] filed by the plaintiff, Jose M. Lugo-Gonzalez, on June 8, 2011, is **GRANTED.** The Commissioner is **ORDERED** to pay $8,938.13 in attorney's fees.

ENTERED this 25th day of July, 2011

s/ Andrew P. Rodovich
United States Magistrate Judge